FILED
CLERK

2:41 pm, Aug 18, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
SANDRA CANIZIO,

                Plaintiff,                **MEMORANDUM**
                                                        **OF DECISION &**
       -against-                 **ORDER**

COMMISSIONER OF SOCIAL SECURITY,        22-CV-2428 (GRB)

                Defendant.
-------------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

      In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff Sandra Canizio ("Plaintiff" or "Claimant") challenges final determinations by the Commissioner of the Social Security Administration ("Defendant" or "Commissioner") that she was ineligible to receive Social Security disability insurance benefits. *See generally* Docket Entry ("DE") 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.

      In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and opinions by treating physicians under regulations that no longer accord controlling weight to such opinions.[1] These standards, along with numerous authorities and citations, are discussed at length, merely by

---

[1] Claims filed after March 2017 are no longer governed by the treating physician rule. *See Ellis v. Comm'r of Soc. Sec.*, No. 20-CV-5906 (GRB), 2022 WL 3213062, at *1 (E.D.N.Y. Aug. 9, 2022).

1

way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

While many maladies are referenced in this case, Plaintiff's appeal depends primarily upon complaints of back pain.[2]  *See* DE at 1.  Despite a record that extends thousands of pages (and is replete with unremarkable findings), Plaintiff points chiefly to residual functional capacity questionnaires completed by two primary care physicians, Warren Spinner, D.O. and Martin Ehrlich, M.D., contending that the ALJ failed to appropriately consider the opinions contained therein.  *See* DE 15 at 3.  This argument fails for several reasons.  First, the ALJ identified specific bases for his determination that the opinions prove unpersuasive, including inconsistencies with the medical evidence.  DE 19 (hereinafter "Tr.") at 635–36.  In one remarkable instance, the opinions of Dr. Spinner are undermined by contemporaneous examination findings made by professionals on his staff.  Tr. 635 (contrasting manual dexterity findings by Mr. Honor with opinions of Dr. Spinner).  Second, as noted by the ALJ, the handwritten assessments by Dr. Spinner are virtually identical.  Tr. 635.  Comparison of these assessments raise questions as, for example, though recorded almost a year apart, *both* reports indicate that the doctor had been seeing the Plaintiff for the "past year – nearly monthly."  *Compare* Tr. 833, *with* Tr. 1729.  The assessment of Dr. Ehrlich is inconsistent with Dr. Spinner's nearly-contemporaneous second assessment and reaches extreme opinions without offering explanations.  *See, e.g.*, Tr. 1767 (Dr. Ehrlich deems Plaintiff "incapable of even low stress job" without explanation).  Thus, it was within the ALJ's discretion to find that the assessments of these two physicians unpersuasive.

Ultimately, the ALJ determined that the Plaintiff could perform light work with certain limitations, such that a finding of "not disabled" was appropriate.  Tr. 636–37.  Plaintiff's

---

[2] The ALJ reviewed alleged maladies including degenerative disc disease of the cervical and lumbar spine, migraine headaches (a condition that apparently resolved), depression, anxiety and opioid dependence.  Tr. 629.

psychiatric afflictions do not alter this determination. The record reveals a history of conservative (and reportedly successful) treatment of anxiety and depression, thus, even in combination with her physical afflictions, these additional ailments do not undermine the ALJ's determination.

Thus, in considering the record as a whole, it is clear that the ALJ's opinion is amply supported by substantial evidence. *See Zacharopoulos,* 516 F. Supp. 3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports Plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'" *Id*. (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013)). Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is GRANTED, and the Plaintiff's motion is DENIED. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
August 18, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge